UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| O.A.B.R., Petitioner, v. HERNANDEZ et al., Respondents. | Case No. 2:26-cv-3527<br><br>ORDER TO SHOW CAUSE |

## I. ORDER

On September 20, 2026, Petitioner filed a petition for writ of habeas corpus. Dkt. 1. On October 6, Respondents filed a return with two accompanying declarations. Dkts. 4–6. Respondents' filings contain multiple misrepresentations and inconsistencies.

Federal Rule of Civil Procedure 11 ("Rule 11") "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

Respondents' return and declarations contain multiple objective errors and inconsistencies. The most troubling are as follows:

1. **Petitioner's Custody Status:** Respondents argue that Petitioner was "paroled into the United States" and should remain subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 4 at 4–5. But Respondents' documentation shows that while Petitioner was initially granted parole in September 2022, *see* Dkt. 5-1 at 3; Dkt. 5-2 at 2, the government ended that parole in December 2022 and replaced it with release on an order of recognizance ("OREC") under Immigration and Nationality Act ("INA") § 236, *see* Dkts. 5-3, 5-5; 5-6. Most importantly, the custody determination for Petitioner's recent arrest—the arrest that led to his habeas petition—showed that he was detained under INA § 236 / 8 U.S.C. § 1226. Dkt. 5-9. The government's assertion that Petitioner was detained under § 1225(b) has no basis in the record.

2. **Petitioner's Alleged Missed OREC Appointment:** Respondents assert they arrested Petitioner because he "failed to attend his required check-in and did not communicate . . . a reason for his failure to report." Dkt. 4 at 2–3; *see also* Dkt. 6 ¶ 9. Respondents provide no documentation supporting this assertion. Petitioner, by contrast, attests he rescheduled his June 11, 2026 OREC appointment for February 2027 and submits corroborating documentation identifying February 2027 as his next scheduled appointment. Dkt. 7-1 at 3–4.

3. **Petitioner's Alleged Flight:** In multiple filings, including a sworn declaration, Respondents assert that Petitioner fled from officers—first in his vehicle and then on foot—when they attempted arrest him. Dkt. 4 at 3; Dkt. 6 ¶ 11. Petitioner, in his sworn declaration, denies fleeing. Dkt. 7-1 at 3. An exhibit accompanying Respondents' declaration states that body-worn camera footage "was recorded for th[e] enforcement activity," but Respondents submitted neither that footage nor declarations from the arresting officers. Dkt. 5-9 at 2–3.

4. **Petitioner's Bond Hearing Request:** Respondents' sworn declaration states Petitioner did not request a bond hearing after his August 2026 re-detention, but Respondents' records show he did. *Compare* Dkt. 6 ¶ 15, *with* Dkt. 5-11 at 2.

While the Court recognizes the significant time pressure that the U.S. Attorney's Office is under when responding to habeas petitions, the number, nature, and significance of the errors and discrepancies described above suggest Respondents' counsel may have submitted the filings "without first conducting a reasonable inquiry" into the facts and legal assertions as required by Rule 11(b). *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 541 (1991). When confronted with similar situations, courts have ordered government counsel to show cause why sanctions or discipline should not issue. *See, e.g.*, *Machado-Lopez v. Chestnut*, No. 1:26-

CV-03219-DAD-DMC-HC, 2026 WL 1747034, at *1 (E.D. Cal. June 17, 2026); *cf. Roberts v. Scott*, No. 2:26-CV-01333-TL, 2026 WL 1758649, at *2, *4 (W.D. Wash. June 18, 2026). The Court finds that such an order is appropriate here.

## II. CONCLUSION

For the reasons discussed above, the Court ORDERS Plaintiff's counsel to SHOW CAUSE in writing by October 30, 2026 why she or Respondents should not be sanctioned pursuant to Rule 11.

The written submission shall be supported by sworn declarations and documentary evidence if relevant. Plaintiff's counsel shall provide a thorough explanation for how each assertion came to be presented to the court, including the sources of information on which counsel relied; the steps taken to verify its accuracy before filing; and the reasons for any discrepancies between Respondents' representations, Petitioner's representations, and the underlying evidence.

Dated this 16th day of October, 2026.

Tiffany M. Cartwright
United States District Judge